IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00042-BNB

JOHN KILMAN,

Plaintiff,

v.

CROSSMARK/CHI MANAGEMENT GROUP, LP,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 10 2008

GREGORY C. LANGHAM
                    CLERK

---

ORDER OF DISMISSAL

---

Plaintiff John Kilman initiated this action by filing *pro se* a Complaint. On January 23, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Kilman to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On February 22, 2008, Mr. Kilman filed an amended complaint.

The Court must construe the amended complaint liberally because Mr. Kilman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the amended complaint filed in this action and finds that the amended complaint still fails to comply with the pleading requirements of Rule 8.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See* ***Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See* ***TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a pleading "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1) which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Kilman is suing his former employer. Mr. Kilman alleges that he was employed by Defendant from September 30, 2007, until December 2, 2007, when he was laid off. He further alleges that he was harassed and threatened by his supervisor and other employees during the course of his employment. However, he fails to set forth a short and plain statement of his claims showing that he is entitled to relief. As Magistrate Judge Boland advised Mr. Kilman, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant

did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Kilman fails to provide this sort of detail in support of the claims he is asserting in this action.

Furthermore, Mr. Kilman fails to set forth a short and plain statement of the grounds on which the Court's jurisdiction depends. Although he asserts jurisdiction pursuant to 28 U.S.C. § 1335, Mr. Kilman does not assert any facts that would support an interpleader action pursuant to that statute. *See **Rhoades v. Casey***, 196 F.3d 592, 600 n.8 (5th Cir. 1999) ("The legislative purpose of an interpleader action is to remedy the problems posed by multiple claimants to a single fund, and to protect a stakeholder from the possibility of multiple claims on a single fund.") Mr. Kilman's dispute with Defendant, whatever that dispute may be, is between Mr. Kilman and Defendant.

A decision to dismiss a pleading pursuant to Rule 8 is within the Court's sound discretion. *See **Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The burden Mr. Kilman places upon the Court and Defendant to identify, interpret, and respond to his claims is unreasonable. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a). Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 7 day of March, 2008.

BY THE COURT:

*(signature)*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00042-BNB

John Kilman
615 Water Street #410
Golden, CO 80401

 I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/10/08

GREGORY C. LANGHAM, CLERK

By: _____
  Deputy Clerk